JOHN B. HOWE, Appellant, *v.* THE CITY OF ROCHESTER, Respondent.

*Election Law in 1892 — inspectors' power to appoint poll clerks.*

In one of the election districts of the city of Rochester, two inspectors of election were elected and one appointed, under the provisions of chapter 7 of the Laws of 1891, at the charter election in March, 1892. At their first meeting in October of the same year, they appointed the plaintiff one of the poll clerks of this district, to serve, and he did serve as such at the general election held in the following November.

*Held,* that under the provisions of section 12 of "The Election Law" (Chap. 680 of the Laws of 1892), and section 14 of "The Public Officers' Law" (Chap. 681 of the same year), the poll clerk in question was duly appointed, and was entitled to recover his compensation as such.

APPEAL by the plaintiff, John B. Howe, from a judgment of the Monroe County Court, entered in the office of the clerk of Monroe county on the 3d day of October, 1894, reversing a judgment of the Municipal Court of the city of Rochester.

The plaintiff was appointed poll clerk of the second district of the twelfth ward of the city of Rochester by the inspectors thereof in October, 1892, to serve and he did serve as such at the general election held in November of that year.

*Wm. T. Plumb,* for the appellant.

*A. J. Rodenbeck,* for the respondent.

DWIGHT, P. J.:

The action was to recover compensation for services rendered by the plaintiff as poll clerk of the second district of the twelfth ward

of the city of Rochester at the general election held on the 8th day of November, 1892.

That plaintiff acted as such poll clerk and that his services were reasonably worth the amount claimed therefor was admitted in behalf of the defendant; the question mooted was of the validity of his appointment. It was alleged in the complaint and admitted by the answer that he was appointed by the inspectors of election of the district above named, and the averment of the answer was that such appointment was illegal, null and void, for the reason that the law required that poll clerks for the several election districts of the city of Rochester should be appointed by the common council.

Here then was the issue and the only issue presented by the pleadings in respect to the validity of the plaintiff's appointment, viz., whether it should have been made by the inspectors of election or by the common council of the city. In the opinion of the learned county judge and in the brief of counsel for the respondent here, the question is discussed of the validity of the election or appointment of one or more of the inspectors of election by whom the appointment of the plaintiff was made. But — aside from the consideration that the inspectors of election were *de facto*, the incumbents of the office and their acts valid so far as they concerned the public or the rights of third parties (*People* v. *Cook*, 14 Barb. 259; S. C., 8 N. Y. 67) — that question is effectually excluded from this case by the state of the pleadings above noted. By the allegations of both complaint and answer, it is established for all the purposes of this action that the appointment of the plaintiff was made by the inspectors of election, and no question is made but that the inspectors held and exercised their office in all respects *de jure* as well as *de facto*. It was too late on either appeal to raise an issue upon which the parties were concluded by the pleadings.

The sole question in this case, therefore, as we regard it, is between common council and inspectors of election, viz., to which office did the appointment of poll clerks pertain at the time of the appointment of the plaintiff?

He was appointed in October, 1892, at the first meeting of the inspectors of election, two of whom were elected and one appointed at the charter election in their district, in March of that year. At

that time, it is conceded, the provisions of chapter 7 of the Laws of 1891 were in force, which provided for such election and appointment of three inspectors of election who should act as such at all general and special elections held in their district during the ensuing year. The term of office of these inspectors, therefore, embraced the general election of November, 1892.

But in the revision of the general laws of the State the Legislature of 1892 enacted chapter 680 of the Laws of that year, constituting chapter 6 of the General Laws, and to be known by the short title of "The Election Law." It was approved by the Governor on the eighteenth day of May. This statute expressly repealed chapter 7 of the Laws of 1891, as well as chapter 130 of the Laws of 1842, of which the act of 1891 was an amendment, and contained the provision that, unless otherwise provided, the inspectors of elections in cities should be appointed by the common council. (§ 11.) It was also provided, in effect, by section 12 of the same statute that where the inspectors were appointed by the common council, the same authority should appoint the poll and ballot clerks; but where inspectors were elected, they should appoint the clerks.

At the same session of the Legislature was enacted, and on the same day, May eighteenth, was approved by the Governor, chapter 7 of the revision (Chap. 681 of the Laws of 1892), to be known by the short title of "The Public Officers' Law." By section 14 of that statute it was provided that "If an office be continued by the general laws constituting the revision of which this chapter is a part, the person now lawfully holding such office shall, subject to the provisions of such general laws, continue therein for the term for which he was chosen, or, if holding over after the expiration of his term, until his successor shall be chosen and shall have qualified."

There can be no doubt but this provision covers the case of inspectors of election in cities who had been elected and appointed under the act of 1891. They were, therefore, continued in office until the charter election of March, 1893; and having taken office under a statute which provided for the election of inspectors, they were by force of section 12 of the Election Law (*supra*) authorized to appoint the poll and ballot clerks.

This we regard as the proper solution of the problem presented by the several statutes bearing upon the questions here involved,

and this view results in the reversal of the judgment of the County Court and the affirmance of that of the Municipal Court of Rochester.

LEWIS and BRADLEY, JJ., concurred.

Judgment of the County Court reversed and that of the Municipal Court of Rochester affirmed, with costs in the County Court and in this court.